**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**John MacDougall,**
**Plaintiff Below, Petitioner**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-0175** (Monongalia County 11-CAP-2)

**Renda Osburn,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner John MacDougall, *pro se*, appeals the Circuit Court of Monongalia County's order entered January 12, 2012, that affirmed the magistrate court order granting respondent legal ownership of a mobile home. Respondent Renda Osburn filed no response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 23, 2011, petitioner signed a document stating as follows:

> I John MacDougall gave Renda Osburn a 12x65 trailer. This trailer needs a lot of repairs before she and her family can move in. It will take at least 30 days or more to get these repairs done. . . . She will have to start paying lot rent on Oct. 1st. The lot rent is $310.00 a month.

A writing dated October 1, 2011, purports that petitioner purchased the same mobile home from one Dean Cutler for one dollar. Petitioner makes no explanation of Mr. Cutler's connection to the mobile home. Notwithstanding the previous September 23, 2011, agreement between petitioner and respondent, they apparently entered into a subsequent agreement, dated November 25, 2011, to sell the mobile home to respondent for $3,000 in monthly installments of $125. By a letter dated December 7, 2011, petitioner demanded respondent vacate the mobile home due to safety and maintenance issues.

On December 16, 2011, petitioner filed suit in the Magistrate Court of Monongalia County to evict respondent from the trailer for wrongful occupation of residential property. The magistrate court found in favor of respondent and dismissed the case. Petitioner appealed to the circuit court, which found, by order entered January 12, 2012, that petitioner gave the trailer to

1

respondent and that the "contract" dated November 25, 2011, was signed under duress. Therefore, the circuit court concluded, the November contract was invalid and unenforceable, leaving the mobile home under respondent's ownership. On appeal, petitioner argues that he did not own the mobile home until he executed the sale for one dollar on October 1, 2011, and therefore could not have conveyed it to respondent on September 23, 2011.

> "To constitute a valid gift *inter vivos*, the donor must be divested of, and the donee invested with, the right of property in the subject of the gift; it must be absolute, irrevocable and without any reference to its taking effect at some future period. The donor must deliver the property and part with all present and future dominion over it." Syllabus Point 1, *Dickeschied v. Exchange Bank*, 28 W.Va. 340 (1886).

Syl. Pt. 4, *Rosier v. Rosier*, 227 W. Va. 88, 705 S.E.2d 595 (2010).

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his brief. This Court has previously held that

> "[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to *de novo* review." Syllabus point 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 5, *Peters v. Rivers Edge Mining, Inc.*, 224 W.Va. 160, 680 S.E.2d 791 (2009).

Petitioner offers no evidence to support his claim that the lower court did not fail to consider the writing dated October 1, 2011, which he purports is the bill of sale of the trailer. Furthermore, the circuit court did not err in finding that petitioner gave the trailer to respondent in September of 2011 because petitioner clearly, with no grounds for revocability in the writing or reference to some future effective date, gifted the trailer to the respondent via that writing, and the circuit court had sufficient support to find that the donor delivered the property and parted with all present and future dominion over it at the time of the writing. Therefore, we affirm.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II